James E. Doroshow (SBN 112920)
jdoroshow@foxrothschild
Alan C. Chen (SBN 224420)
achen@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA  90067-3005
Telephone: (310) 598-4150
Facsimile: (310) 556-9828

John R. Posthumus (*pro hac vice*)
jposthumus@sheridanross
Patty Y. Ho (*pro hac vice*)
pho@sheridanross.com
Sheridan Ross P.C.
1560 Broadway, Suite 1200
Denver, CO  80202-5141
Telephone:  (303) 863-9700
Facsimile:  (303) 863-0223

Attorneys for Defendant
Wine Master Cellars, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINOTEMP INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>WINE MASTER CELLARS, LLC, a Colorado Limited Liability Company,<br><br>Defendant. | CASE NO. CV 11-01543 ABC (PLAx)<br><br>**PROTECTIVE ORDER** |

## GOOD CAUSE STATEMENT

WHEREAS, to facilitate the productio n and receipt of inform ation during discovery in the above captio ned litigation ("the Litigation"), the parties agree and stipulate, through their respective counsel, to the entry of the following Protective Order for the protection of CO NFIDENTIAL MATERIAL and RES TRICTED

**STIPULATED PROTECTIVE ORDER**

MATERIAL (as defined herein) that may be produced or otherwise disclosed during the course of this Litigation by any party or non-party.

The Court being fully advised in the premises and has found good cause for its entry.

Accordingly, IT IS HEREBY ORDERED THAT the following terms and conditions shall govern the handling of discovery materials in the Litigation:

1.     This Protective Order does not and will not govern any trial proceedings in this Litigation, but will otherwise be applicable to and govern all depositions, documents produced in response to requests for production of documents or subpoenas, answers to interrogatories, responses to requests for admissions and all other discovery taken in this matter pursuant to the Federal Rules of Civil Procedure, (collectively, "RECORDS") which a party or third-party (hereinafter, a "disclosing party") designates as "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL" hereafter furnished, directly or indirectly, by or on behalf of any party in connection with this action.

2.     In designating RECORDS as "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL," a disclosing party shall make such a designation of CONFIDENTIAL MATERIAL only for RECORDS which that disclosing party in good faith believes contains non-public, confidential or sensitive information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal or commercial information, as such terms

are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G) or the former Rule 26(c)(7).  The designation of RECORDS as "RESTRICTED MATERIAL," shall be reserved for CONFIDENTIAL MATERIAL that constitutes, reflects, or concerns extremely sensitive, highly confidential, non-public information consisting of either trade secrets, proprietary or other highly confidential data, know how, business, financial, strategic, or commercial information (including information concerning business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the party producing the information.

   3. All such "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL" designations shall be made in good faith by the disclosing party and be made at the time of disclosure, production, or tender, provided that the inadvertent failure to so designate does not constitute a waiver of such claim, and a producing party may so designate a document after such document has been produced, with the effect that such document is thereafter subject to the protections of this Protective Order. Designation of "RESTRICTED MATERIAL" shall constitute a representation that such RECORDS have been reviewed by an attorney for the disclosing party and that there is a valid basis for such designation.

   4. CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL shall not include any RECORDS which:

a. Have been (and remain) or become lawfully in the possession of the receiving party through communications other than production or disclosure in this action by the disclosing party, for example, as a result of legitimate business dealings between the parties, unless those documents are covered by a separate non-disclosure or confidentiality agreement, in which case the receiving party may continue to use such documents in the course of their business subject to those agreements;

b. Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the receiving party; or

c. May not under law be treated as confidential.

Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information.

5. RECORDS designated as "CONFIDENTIAL MATERIAL," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a. the parties' outside counsel of record in this action;

b. any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel, and organizations retained by

counsel to provide litigation support services in this action and the employees of those organizations;

      c.    no more than five (5) designated employees, per party whose assistance is needed by counsel for the purposes of this litigation, subject to and conditioned upon compliance with Paragraph 7 herein;

      d.    any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 3(a) to assist as an expert in preparation of this action for trial, with disclosure only to the extent necessary to perform such work, subject to and conditioned upon compliance with Paragraph 7 herein;

      e.    any witnesses who appear for deposition or trial in this matter, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and

      f.    the Court.

6.    RECORDS designated as "RESTRICTED MATERIAL," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

      a.    the parties' outside counsel of record in this action;

      b.    any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel, and organizations retained by

counsel to provide litigation support services in this action and the employees of those organizations; with disclosure only to the extent necessary to perform their work in connection with this matter;

      c.    any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 4(a) to assist as an expert in preparation of this action for trial, with disclosure only to the extent necessary to perform such work, subject to and conditioned upon compliance with Paragraph 7 herein;

      d.    Any person not listed in sub-paragraphs a-c above, who appears as a witness for deposition in this matter, during the course of their testimony, provided that the following conditions are met: (1) the attorney questioning the witness certifies that they have a good faith belief that the witness possesses information relating to the RESTRICTED MATERIAL and that it is necessary to disclose the RESTRICTED MATERIAL to the witness in order to protect the rights of the attorney's client; (2) the witness is made aware of this Order and agrees, on the record, to be bound by its terms; and (3) the RESTRICTED MATERIAL is disclosed to the witness only during the course of the deposition, and no copies of any documents containing RESTRICTED MATERIAL are retained by the witness; and

      e.    the Court.

7. The persons described in paragraphs 5(c) and (d) and 6(c) shall have access to the CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL once they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the "ACKNOWLEDGMENT" which is attached hereto as Exhibit A  A list shall be prepared by counsel for each party hereto of the names of all such persons to whom CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court and opposing counsel upon request. The other persons described in paragraphs 5 and 6 shall have access to the CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL pursuant to the terms of this Order without signing a copy of the annexed "ACKNOWLEDGEMENT." Similar but separate lists shall also be prepared with respect to CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL provided by third parties. At the time of the termination of this lawsuit by settlement, judgment or otherwise, each party shall provide a copy of the pertinent aforementioned lists upon the request of any other party. This Protective Order will not require the disclosure of experts other than by Local Rule, the Federal Rules of Civil Procedure, and/or further Court Order.

8. CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be used solely for the purpose of this action, any appeals therefrom, and shall not be made available to any persons, including the parties, other than those persons

permitted by paragraphs 5-6 of this Protective Order, to have access to such Information. CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be maintained by the receiving party under the overall supervision of outside counsel.

9. If CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other party, and make every reasonable effort to retrieve such CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL and to prevent further disclosure.

10. Except for the Court and court personnel, each individual who receives any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL hereby agrees to and does subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

11. Except for the Court and court personnel, the recipient of any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL that is provided under this Order shall maintain such RECORDS in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such RECORDS as is exercised by the recipient with respect to its own proprietary information.

12. When CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL is discussed, quoted or referred to in any deposition, the disclosing party shall ensure that only persons permitted by paragraphs 5 and 6 of this Protective Order have access to such RECORDS are present. The use of any such CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL for the purpose of any hearing or trial which is open to the public is not addressed at this time, but will be the subject of future agreement or order as the need may arise.

13. During the course of preparing for a deposition or testimony, the deponent/witness may be shown CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL from the opposing parties' documents strictly limited to those documents which on their face reveal that they were authored or received in the normal course of business by the deponent/witness. Use of CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL during a deposition shall be subject to compliance with this Order.

14. Parties shall designate CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL as follows:

    a. In the case of RECORDS produced pursuant to Rules 26, 34 and 45 of the Federal Rules of Civil Procedure, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by placing the following legend on any such RECORD prior to production: "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL." In the event

9

that a party inadvertently fails to stamp or otherwise designate a RECORD as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL at the time of its production, that party shall have ten (10) business days after discovering such error to so stamp or otherwise designate the RECORD.

      b.    In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript by counsel for the party to whose CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL the deponent has had access, said counsel shall designate within fourteen (14) days after counsel's receipt of the transcript.

15.    A party shall not be obligated to challenge the propriety of a CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation.

      a.    The receiving party may challenge the propriety of a CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL designation by providing to the producing party a writing which briefly: (i) identifies with reasonably particularity the documents and information which are the subject of the challenge; and (ii) describes the basic legal or factual grounds for the challenge.

b. Once a challenge is made, the producing party will bear the burden of initiating and conducting a sufficient meet and confer (per Local Rule 37-1); and if necessary, the producing party will bear the burdens of proof and persuasion in moving for a Protective Order (per Local Rule 37-2) to uphold the challenged CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL designation(s).  If the Producing Party does not initiate the discovery motion process under Local Rule 37 within ninety (90) days of a challenge, the subject CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL designation is effectively withdrawn and the subject documents and material may be used for all purposes in this Litigation.  The receiving party must make de-designated requests in good faith.  Mass, indiscriminate, or routinized requests for de-designation are prohibited.

c. Until the court rules on the timely filed Motion for Protective Order, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation.

16. Entering into, agreeing to and/or producing or receiving CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL or otherwise complying with the terms of this Protective Order shall not:

a. Operate as an admission by any party that any Discovery Material designated as CONFIDENTIAL MATERIAL or RESTRICTED

MATERIAL contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

      b.    Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

      c.    Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Protective Order;

      d.    Prejudice in any way the rights of any party to seek a determination by the Court whether any RECORDS or CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL should be subject to the terms of this Protective Order;

      e.    Prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL; or

      f.    Prevent any party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular RECORDS.

      17.    Without written permission from the producing party or a court order, a party may not file in the public record in this action any CONFIDENTIAL

MATERIAL or RESTRICTED MATERIAL. The parties shall comply with Local Rule 79-5 when seeking to file CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL under seal.

The party desiring to place any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL before the Court shall follow the requirements of Local Rule 79-5.

Additionally, within seven (7) days from the date that the papers (or portions thereof) were filed under seal consistent with the above procedures, the party who filed the papers under seal also shall file in the public record a version of the papers that has been redacted to omit the CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL (or any references thereto).

The parties shall also comply with Local Rule 79-5.4 with respect to the appropriate treatment of personal identifier information in connection with any filing with the Court.

18.   In the event that any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL is to be used in any court proceedings in connection with this litigation, prior to trial, the parties shall seek, for good cause shown, an appropriate Protective Order from the Court to maintain CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL status through such use, and if such additional

Protective Order is granted, the parties shall take all steps reasonably required to protect its confidentiality during such use.

19.     Nothing in this order shall preclude any party to the lawsuit or their attorneys from: (a) showing RECORDS designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL to an individual who either prepared or reviewed the RECORDS prior to the filing of this action; or (b) disclosing or using, in any manner or for any purpose, RECORDS from the party's own files which the party itself has designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

20.     Within sixty (60) days of the termination of litigation between the parties, all CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL, and all copies thereof, except such copies which have been filed with the Court, utilized in accordance with this Order, or which are and will continue to be maintained in a secure place pursuant to the continuing obligations of this Order, shall be returned to the disclosing party or shall be destroyed. Notwithstanding the provisions of this paragraph, outside counsel for any party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence, deposition transcripts and exhibits and work product. In the event that outside counsel maintains such documents, it shall not disclose material containing any type of CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL to any third parties absent a court order. Upon receipt of any subpoena for such information, the party receiving the

subpoena shall immediately notify outside counsel for the other party of the subpoena so that the latter may protect its interests.

21. Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this action at the option of the disclosing party.

22. In the event that any privileged or work-product materials are inadvertently produced, such production shall not be deemed a waiver of the attorney-client privilege, work-product doctrine or other privilege or immunity unless the receiver is able to show, and the Court finds, intentional disclosure or substantial harm.

   (a) Upon notification of inadvertent disclosure, the receiving party shall immediately make every effort to prevent further dissemination of the materials, sequester, collect and return or destroy any copies of the privileged materials and inform any person(s) having received or reviewed such materials as to the privileged nature of the materials.

   (b) Without notification, if a receiving party has reason to believe that privileged or work-product material may have been inadvertently produced, it shall immediately notify the producing party of such belief and take reasonable precautions to avoid all dissemination of the material and collect all copies of the potentially privileged or work-product materials pending further instructions from the producing party.

23. Documents and things produced or made available for inspection may be subject to redaction, in good faith by the producing party, of sensitive material that is neither relevant to the subject of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or is subject to the attorney-client privilege or to work-product immunity.  Each such redaction, regardless of size, will be clearly labeled.  This paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information.

24. Any party receiving Confidential Information who believes, in good faith, that disclosure of such material to the United States Patent and Trademark Office ("PTO") is required by 37 C.F.R. §1.56 may disclose such material to the PTO using the confidential disclosure procedures set forth in Manual of Patent Examining Procedure §§724 - 724.06.  Any such disclosure shall be accompanied by a Petition to Expunge such Confidential Information from the PTO's file in accordance with 37 C.F.R. §1.59(b) and Manual of Patent Examining Procedure §724.05.  At least ten (10) calendar days prior to submission of Confidential Information to the PTO, the submitting party shall provide written notice of the planned submission to the producing party.  The producing party may seek relief from this Court to prevent or otherwise restrict disclosure of Confidential Information to the PTO.

25. This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein.

IT IS SO ORDERED:

Dated: _____
　　　　　　　　　　　　　　Paul L. Abrams
　　　　　　　　　　　　　　United States Magistrate Judge

APPROVED:

s/ Marvin H. Kleinberg　　　　　　　　　s/ John R. Posthumus
Marvin H. Kleinberg　　　　　　　　　　John R. Posthumus
Kleinberg & Lerner, LLP　　　　　　　　SHERIDAN ROSS P.C.
1875 Century Park East, Suite 1150　　　1560 Broadway, Suite 1200
Los Angeles, CA 90067-2501　　　　　　Denver, Colorado 80202
mkleinberg@kleinberglerner.com　　　　jposthumus@sheridanross.com
Phone:　　310.557.1511　　　　　　　Phone:　　303.863.9700
Fax:　　　310.557.1540　　　　　　　Fax:　　　303.863.0223

Attorneys for Plaintiff　　　　　　　　　Jim Doroshow
　　　　　　　　　　　　　　　　　　Alan C. Chen
　　　　　　　　　　　　　　　　　　Fox Rothschild LLP
　　　　　　　　　　　　　　　　　　1800 Century Park East, Suite 300
　　　　　　　　　　　　　　　　　　Los Angeles, CA  90067
　　　　　　　　　　　　　　　　　　JDoroshow@foxrothschild.com
　　　　　　　　　　　　　　　　　　AChen@foxrothschild.com
　　　　　　　　　　　　　　　　　　Phone:　　310. 598.4150
　　　　　　　　　　　　　　　　　　Fax:　　　310.556.9828

　　　　　　　　　　　　　　　　　　Attorneys for Defendant

Exhibit A

**A C K N O W L E D G E M E N T**

The undersigned hereby acknowledges that he/she has read the PROTECTIVE ORDER which was entered by the Court on _____, 2011, in the matter captioned Vinotemp International Corporation v. Wine Master Cellars, LLLP, Civil Action No. CV-11-01543 ABC (PLAx), U.S. District Court for the Central District of California, that he/she is one of the persons contemplated in paragraph 3 and 4 thereof as authorized to receive disclosure of RECORDS designated CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL by any of the parties or by third parties, and that he/she fully understand and agrees to abide by the obligations and conditions of the Protective Order.  The undersigned further consents to be subject to the jurisdiction of the United States District Court for the Central District of California for purposes of any proceedings relating to performance under, compliance with or violation of the above-described Order.

Dated: _____, 20___                      _____